## COLELLI v. TURNER et al.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

MASTER AND SERVANT (§ 285*)—INJURIES TO SERVANT—QUESTION FOR JURY.
    In an action for injuries to a servant, the question as to the cause of the accident *held* one for the jury.
    [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 285.*]
    Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Antonono Colelli against Myron D. Turner and others. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

John C. Robinson, for appellants.

William H. Griffin (Martin T. Manton, on the brief), for respondent.

THOMAS, J. Plaintiff, defendants' servant, was injured by the starting of a machine for stamping leather, which he and Hall, a coservant, were attending; the latter introducing the leather and operating the machine on one side, and the former lifting it from the plate on the opposite side. The primary question is: What caused the plate on which the leather rested to move up against an upper plate and catch the plaintiff's hand?

Hall testified that he put his foot on the treadle and caused the plate to move upwards, and that he did so upon the plaintiff's signal, "All right!" Here is a definite, clearly revealed, and normal cause for the movement, and the only actual cause presented by the evidence. The plaintiff produced evidence of a competent cause, and in the absence of a known cause it could be accepted. It was vital to the plaintiff's recovery that he eliminate the accountability of his fellow servant Hall. But the two were at the time co-operating in the work, as already stated. A piece of leather was on the plate. Each skin was stamped in sections, which required repeated movements of the plate, and Hall states the skin in the machine was on the third quarter. The plaintiff stated, "I am not sure, but I think there was another time to be stamped;" but, upon being reminded that the unfinished state of the leather required Hall to be in his place, he immediately changed his evidence, and stated that he believed that it was not finished, and he finally confesses to lack of exact memory. But Hall's positive statement that further stamping of the skin was required, if not aided by the plaintiff's earlier and final statements, is not injured by his second. This indicates that Hall was in such relation to the machine that he could start it.

But plaintiff's statement that Hall was not on his own side will bear scrutiny. He says, "By making this motion sideways, I could have seen him;" and then by questioning he does go farther, and state that he saw Hall on his side, and nobody on the other side of the machine, and hence he argues that no one pressed the pedal and started the machine. The machine was 1½ feet in width, as plaintiff's evidence shows. The operating pedals extended from its side, and Hall could have stepped on them without being directly behind the machine. But Long, defendants' foreman, states that at the time of the accident he was standing right behind the plaintiff, and that when the latter was caught Hall was right at his post. Did Hall, so far as appears a respectable man, fashion an untrue story to save his master? Did he make himself even the innocent cause of his fellow servant losing his hand, knowing that his assumption of the responsibility was sheer fabrication? And did the foreman, looking at the two men, state a known untruth, to aid Hall in his undertaking? The evidence shows clearly that a piece of leather was in the course of stamping; that Hall was thereby required to be within reach of his pedals; and the evidence

of the two witnesses that he was there so adds to the probability that he was that the testimony of the plaintiff was clearly outweighed, and for this reason a new trial should be granted. The plaintiff was intent on his work until he was hurt, and upon his crying out Hall went at once to his assistance, and so plaintiff may have from this inferred Hall's location before the injury.

The plaintiff's case contains evidence that a spring was defective, and that on former occasions, during his own and the service of others, the plate had moved upwards without the operation of the pedal. The defendants' evidence shows that there was no defective spring, and that the one accused had no office that could cause or permit this errant movement. But, as the case stands, that was a question for the jury, although it seems strange that the function of the spring should be a matter of contention.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and BURR and CARR, JJ., concur. HIRSCH-BERG, J., dissents.